IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Elizabeth Alicea, et al., individually and on behalf of all others similarly situated, Plaintiffs, | ) ) ) ) ) ) ) ) ) ) | No: 18 C 5381 Judge Ronald A. Guzmán |
| v. | | |
| County of Cook and Thomas Dart, Defendants. | | |

**ORDER**

      For the reasons stated below, Plaintiffs' motion to compel [101], motion for attorney's fees [103], motion for sanctions [105], and motion to allow depositions of Defendants' Rule 30(b)(6) witnesses to proceed after the class discovery deadline [107] are denied. Presentment date of April 10, 2019 at 9:30 a.m. is stricken and the parties need not appear.

**STATEMENT**

      On September 13, 2018, this Court initially ordered class discovery to close on January 14, 2019, with the express statement that there would be "NO EXTENSIONS." On October 19, 2018, the Court granted Defendants' motion to extend the deadline by thirty days to February 13, 2019 to accommodate defense counsel's schedule. New counsel substituted in for Defendants on January 14, 2019. On February 12, 2019, Plaintiffs filed an emergency motion for a "limited" extension of the class-discovery deadline so that Defendants could respond to outstanding interrogatories and document requests, and "for the two [Rule 30(b)(6)] depositions noticed by Plaintiffs." The Court granted the motion with the admonition that it was a "FINAL EXTENSION." Plaintiffs now move to allow Rule 30(b)(6) depositions to proceed after the class-discovery cut-off date of March 15, 2019, citing an agreement between the parties and the fact that Defendants "designated six superintendents and three additional witnesses to testify regarding the Rule 30(b)(6) deposition topics, which made it impossible to complete [the depositions] in a single day." (Pls.' Mot., Dkt. # 107, at 13.) While Plaintiffs contend that it was Defendants' dilatory conduct that caused the delays, the Court gave the parties from September 13, 2018 to March 15, 2019, six months, to complete class discovery. This is more than enough time. Magistrate Judge Valdez cautioned the parties that they were bound by a strict deadline and set a schedule in open court on March 5, 2019 for the parties to complete the depositions. (Pls.' Mot., Ex. 12, Dkt. # 107-12, at 30.) Apparently, at some point, Defendants designated numerous individuals as Rule 30(b)(6) witnesses, and Plaintiffs were "unable" to depose all of them. Plaintiffs relied, to their detriment, on an agreement with defense counsel that the remaining Rule 30(b)(6) depositions would occur after the class-discovery cut-off date. Plaintiffs' counsel is reminded that the parties are bound by orders of the Court, not by agreements with the opposing party.

  The same analysis applies to Plaintiffs' motion to compel, which was filed on April 8, 2019. Plaintiffs should have sought relief for any purported outstanding discovery requests by the end of class discovery, which was March 15, 2019. That Plaintiffs did not find out that they were missing certain documents or items until the Rule 30(b)(6) depositions, which took place two days before and on the last day of the close of class discovery, is not a basis on which this Court will provide relief. As noted, Plaintiffs were well aware of the class-discovery deadline imposed by this Court and scheduled last-minute depositions at their own peril. The motions for sanctions and for attorney's fees are, therefore, also denied.

**Date**: April 10, 2019

                                 **Ronald A. Guzmán**
                                 **United States District Judge**