**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Elizabeth Alicea, Michelle Urrutia, Katina Ramos, and Jack Artinian,** individually and on behalf of others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 18 C 5381 |
| v. | ) ) ) | Judge Ronald A. Guzmán |
| **County of Cook, and Thomas J. Dart,** individually and in his official capacity as Sheriff of Cook County, | ) ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court enters and continues Plaintiffs' motion for class certification [111] pending further briefing as directed. Plaintiffs' brief is due 21 days from the date of entry of this order. Defendants may file a response within 14 days thereafter.

### STATEMENT

**Background**

This case arises from Plaintiffs' allegation that Defendants' monitoring and recording of pretrial detainees using toilets in holding cells in Cook County courthouses constitutes an unreasonable search, in violation of the Fourth and Fourteenth Amendments, and is an intrusion upon seclusion under Illinois law. Plaintiffs seek certification of a class defined as follows:

> All persons who used the toilet in a holding cell in a courthouse in Cook County, Illinois since August 8, 2016, wherein any part of the toilet is visible in the camera feed monitoring the cell.

(Pl.'s Mem. Supp. Mot. Class Certification, Dkt. # 111, at 4.)

**Analysis**

To be certified as a class action, a proposed class must satisfy the requirements of Federal Rule of Civil Procedure ("Rule") 23(a) and one of the three alternative requirements in Rule 23(b). *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012). Rule 23(a) provides that a class may be certified if: (1) the class is so numerous that joinder of all putative class members is impracticable ("numerosity"); (2) there are questions of law or fact

common to the putative class ("commonality"); (3) the claims or defenses of the named party are typical of the claims or defenses of the putative class members ("typicality"); and (4) the named party will fairly and adequately protect the interests of the class ("adequacy"). Fed. R. Civ. P. 23(a). "[A] proposed class must always meet the Rule 23(a) requirements[.]" *Messner*, 669 F.3d at 811. "Because Rule 23(a) provides a gate-keeping function for all class actions, ordinarily [courts] would begin there and only turn . . . to Rule 23(b) after [the court is] certain that all of Rule 23(a)'s requirements had been met." *Bell v. PNC Bank, Nat. Ass'n*, 800 F.3d 360, 374 (7th Cir. 2015).

In this case, the Rule 23(a) factors have been met. Numerosity is satisfied given that in August 2016 alone, approximately 16,500 individuals had court hearings in Cook County courthouses. (Dkt. # 92-1.) Commonality is also established as there are several questions of law common to all of the class members, including whether pretrial detainees have a right of privacy when using the toilet in Cook County courthouse holding cells; whether Defendant's recording of a pretrial detainee using a toilet constitutes an unreasonable search; and whether Defendant's recording of a pretrial detainee using a toilet constitutes an intrusion upon seclusion. "[C]ommonality as to every issue is not required for class certification." *Bell,* 800 F.3d at 381. To the extent Defendants focus on the inability to ascertain whether class members were injured as a basis for denying class certification, "Plaintiffs need not prove that every member of the proposed class has been harmed before the class can be certified." *Id*. at 380. Typicality is also satisfied. A "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and [is] based on the same legal theory." *Lacy v. Cook Cty.*, 897 F.3d 847, 866 (7th Cir. 2018). Plaintiffs were all placed in holding cells in Cook County courthouses and used toilets in the cells; accordingly, their claims are typical of the proposed class.

"Rule 23(a)(4) requires that 'the representative parties will fairly and adequately protect the interests of the class.'" *Vandehey v. Client Servs., Inc*., No. 18 C 1669, 2019 WL 2403201, at *2 (E.D. Wis. June 7, 2019) (citation omitted). "In assessing adequacy of representation, the court must consider whether the named plaintiff[s] '(1) ha[ve] antagonistic or conflicting claims with other members of the class; (2) ha[ve] sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) ha[ve] counsel that is competent, qualified, experienced and able to vigorously conduct the litigation.'" *Id*. (citation omitted). Defendants assert that Plaintiffs are inadequate because they have a lack of understanding of the basic facts of the case, pointing out that two of the representatives first learned of the cameras from counsel representing the class, another could not remember the location of the holding cell in relation to the courtroom, and another could not remember if he was in the same holding cell over the course of several court dates. That two of the named representatives did not know that they were being recorded does not make them inadequate, nor do the relatively minor memory lapses of the other individuals. The representatives must simply have knowledge of the basic facts of the case and a willingness and ability to participate in discovery. The Court finds that Plaintiffs, who all have been deposed, have met their burden in this regard. Accordingly, all of the Rule 23(a) factors have been satisfied.

As to Rule 23(b), Plaintiffs seek certification under Rule 23(b)(3), which requires them to show that: (1) questions of law or fact common to the members of the proposed class predominate over questions affecting only individual class members ("predominance"); and (2) a class action is superior to other available methods of resolving the controversy ("superiority"). *Messner*, 669 F.3d at 811.[1] District courts should make "whatever factual and legal inquiries are necessary to ensure that requirements for class certification are satisfied before deciding whether a class should be certified, even if those considerations overlap the merits of the case." *Am. Honda Motor Co. v. Allen,* 600 F.3d 813, 815 (7th Cir. 2010). "The decision whether to certify a class is one that depends on a careful assessment of the facts, of potential differences among class members, of management challenges, and of the overall importance of the common issues of law or fact to the ultimate outcome." *Riffey v. Rauner*, 910 F.3d 314, 318 (7th Cir. 2018).

The predominance inquiry tests whether the proposed class is "sufficiently cohesive to warrant adjudication by representation." *Ocampo v. GC Servs. Ltd. P'ship*, No. 16 C 9388, 2018 WL 6198464, at *5 (N.D. Ill. Nov. 28, 2018) (citation and internal quotation marks omitted). "To establish predominance, a plaintiff must be able to prove h[er] case with 'evidence that is common to the class rather than individual to its members.'" *Gordon v. Caribbean Cruise Line, Inc.*, No. 14 C 5848, 2019 WL 498937, at *9 (N.D. Ill. Feb. 8, 2019) (citation omitted). "Analysis of a [person's] legitimate expectation of privacy requires [the Court] to determine first whether the [person's] rights were personally violated," which entails determining "whether 'the person challenging the search 'had a legitimate expectation of privacy in the premises he was

---

[1] Rule 23(b)(3) provides as follows:

> (b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:
> ...
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
>> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>>
>> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>>
>> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>>
>> (D) the likely difficulties in managing a class action.

3

using' and thus could assert Fourth Amendment protections." *United States v. Sawyer*, No. 18-2923, 2019 WL 2943489, at *2 (7th Cir. July 9, 2019) (citation omitted). This inquiry is consistent among all class members. The same is true for the inquiries of whether the use of recording devices as described constitutes an unreasonable search. "Usually, a search must be based on 'individualized suspicion of wrongdoing' to be reasonable, but there are exceptions to that rule when the government has 'special needs.'" *Scruggs v. Nielsen*, No. 18 C 2109, 2019 WL 1382159, at *6 (N.D. Ill. Mar. 27, 2019) (citation omitted). *See also Young v. Cty. of Cook*, 616 F. Supp. 2d 834, 845 (N.D. Ill. 2009) (While "[p]retrial detainees retain their constitutional rights, including the protections of the Fourth Amendment against unreasonable searches and seizures[,]. . . . [t]hose rights . . . are limited due to the realities of confinement, most importantly the need to maintain security and order in jails and prisons."). The question of whether any search is reasonable under the circumstances is common to all class members and predominates over individual inquiries on the issue.

As to the state-law intrusion upon seclusion claim, it "requires a plaintiff to demonstrate that (1) there has been an unauthorized intrusion into seclusion; (2) the intrusion would be highly offensive to a reasonable person; (3) the matter intruded upon was private; and (4) the intrusion caused the plaintiff anguish and suffering." *Thakkar v. Ocwen Loan Servicing, LLC*, No. 15 C 10109, 2019 WL 2161544, at *13 (N.D. Ill. May 17, 2019). A determination on the first three elements can be made on a class-wide basis without delving into the details of each recording. "Rule 23(b)(3) . . . does not require a plaintiff seeking class certification to prove that *each* element of her claim is susceptible to classwide proof." *Bell,* 800 F.3d 360 at 381 (emphasis added).

The Court further finds that "the proposed class's claims arise from a common nucleus of operative facts and issues"– that is, the presence and use of recording devices in holding cells containing toilets that are visible on the recording device. *See Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1029 (7th Cir. 2018). While damages may differ across class members, "not every issue must be amenable to common resolution; individual inquiries may be required after the class phase." *Id*; *see also Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 859 (7th Cir. 2017) ("It has long been recognized that the need for individual damages determinations at [a] later stage of the litigation does not itself justify the denial of certification."). Thus, the predominance requirement is satisfied.

Finally, the Court must decide whether a class action is a superior method of adjudicating the class's claims. Defendants argue that a class action is not superior because "no single document identifies in which holding cell a particular detainee was held." (Defs.' Resp., Dkt. # 112, at 13.) It is not clear, however, that this fact precludes a finding that a class action is a superior way to adjudicate Plaintiffs' claims. Nevertheless, the Court has concerns about manageability given the possible number of claimants and Plaintiffs' ability to identify them. As noted by the Seventh Circuit:

> If the proposed class presents unusually difficult manageability problems, district courts have discretion to press the plaintiff for details about the plaintiff's plan to

4

identify class members. A plaintiff's failure to address the district court's concerns adequately may well cause the plaintiff to flunk the superiority requirement of Rule 23(b)(3). But in conducting this analysis, the district court should always keep in mind that the superiority standard is comparative and that Rule 23(c) and (d) permit creative solutions to the administrative burdens of the class device.

*Mullins v. Direct Digital, LLC*, 795 F.3d 654, 672 (7th Cir. 2015).

Accordingly, the Court directs Plaintiffs to provide additional specific information – in other words, a plan, as to how class members will be identified and notified. Plaintiffs also mention bifurcation and issue certification under Rule 23(c)(4). Plaintiffs are directed to address these two possibilities in more detail and propose how each might be used in the context of this case to move the case along in the most efficient manner possible. Any recommendations as to the preferred course shall be indicated, with the supporting reasons.

**Conclusion**

For the reasons stated above, Plaintiffs' motion for class certification is entered and continued pending further briefing as directed. Plaintiffs' brief is due 21 days from the date of entry of this order. Defendants may file a response within 14 days thereafter. Defendants are encouraged not to simply rebut and dismiss Plaintiffs' proposals, but to acknowledge any strengths in Plaintiffs' proffered solution(s) and supplement them with their own ideas as to how difficulties in managing a putative class, assuming arguendo it is certified, might best be addressed.

**Date:** July 24, 2019

                                          **Ronald A. Guzmán**
                                          **United States District Judge**