IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Elizabeth Alicea, Michelle Urrutia, Katina Ramos, and Jack Artinian, individually and on behalf of others similarly situated,<br>   Plaintiffs,<br><br>v.<br><br>County of Cook, and Thomas J. Dart, individually and in his official capacity as Sheriff of Cook County,<br>   Defendants. | No. 18 C 5381<br><br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court denies Plaintiffs' motion for class certification [111]. Plaintiffs may renew their motion for class certification with a revised proposed class definition no later than December 13, 2019. Defendants may either respond to the renewed motion for class certification or file a motion seeking to proceed first with a determination on the merits. Either way, Defendants have until January 8, 2019 to submit their filing. At that time, the Court will review the parties' filings and issue an order as to how it will proceed.

## STATEMENT

The Court assumes familiarity with the facts and history of this case. The Court has reviewed the parties' recent submissions, their briefs on class certification, and additional case law addressing the Fourth Amendment as it relates to searches of pretrial detainees and concludes that, as currently defined, Plaintiff's class is unable to be certified.

The proposed class is defined as follows:

> All persons who used a toilet in a holding cell in a courthouse in Cook County, Illinois since August 8, 2016, wherein any part of the toilet is visible in the camera feed monitoring the cell.

As the Court noted in its order of July 24, 2019, to be certified as a class action, a proposed class must satisfy the requirements of Federal Rule of Civil Procedure ("Rule") 23(a) and one of the three alternative requirements in Rule 23(b). *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012). Rule 23(a) provides that a class may be certified if: (1) the class is so numerous that joinder of all putative class members is impracticable ("numerosity"); (2) there are questions of law or fact common to the putative class

("commonality"); (3) the claims or defenses of the named party are typical of the claims or defenses of the putative class members ("typicality"); and (4) the named party will fairly and adequately protect the interests of the class ("adequacy"). Fed. R. Civ. P. 23(a). "[A] proposed class must always meet the Rule 23(a) requirements[.]" *Messner*, 669 F.3d at 811. "Because Rule 23(a) provides a gate-keeping function for all class actions, ordinarily [courts] would begin there and only turn . . . to Rule 23(b) after [the court is] certain that all of Rule 23(a)'s requirements had been met." *Bell v. PNC Bank, Nat'l Ass'n*, 800 F.3d 360, 374 (7th Cir. 2015).

Upon further reflection, the Court finds that, as currently defined, the proposed class is too broad to satisfy the commonality requirement. *See Duffin v. Exelon Corp.*, No. 06 C 1382, 2007 WL 1385369, at *2 (N.D. Ill. May 4, 2007) ("The court . . . has inherent authority to reconsider interlocutory orders before entering final judgment."). Plaintiffs' proposed definition includes "all persons"; apparently realizing the overbroad nature of their definition, Plaintiffs assert in their reply in support of their motion for class certification that "persons" "clearly means" "pretrial detainees." (Reply, Dkt, # 113, at 2 n.1.) The Court questions this assertion, but even accepting arguendo Plaintiffs' contention and substituting pretrial detainees for "persons," it is clear that specificity in the confined-person's status is necessary in the Fourth Amendment context.[1] In *Fonder v. Sheriff of Kankakee County*, 823 F.3d 1144 (7th Cir. 2016), for example, the Seventh Circuit found the certification of a class of arrestees alleging a Fourth Amendment violation for being strip searched to be problematic because class members who had been arrested, strip searched, and immediately released were treated the same as arrestees who had been strip searched and sent to the general population of the county jail. *Id*. at 1146. The Seventh Circuit found this aggregation improper, noting that

> [a]t least two members of the class . . . contend that they were arrested, strip searched, and then immediately released. Perhaps others are in that category. If they are telling the truth, they have good claims that their [Fourth Amendment] rights have been violated. Yet they are members of the class defined by the district court and so are barred by principles of preclusion from filing their own suits.

*Id*. *See also Adair v. Town of Cicero*, No. 18 C 3526, 2018 WL 5112949, at *2 (N.D. Ill. Oct. 19, 2018) ("*Johnson*'s Fourth Amendment holding [that confined persons do not have a right of privacy when using the toilet] applies only to prisoners and pretrial detainees – not arrestees awaiting a probable-cause hearing.").

Plaintiffs characterize themselves as "pretrial detainees" and allege that "the vast majority" of putative class members were "temporarily held," "have simply been arrested and are waiting to go to court to post bond for their release," and "have not been convicted of any crime." (Compl., Dkt. # 1, ¶ 2.) But the term "pretrial detainee" could include a variety of individuals – from those who have just been arrested and are waiting to post bond to those who are unable to make bond and are shuttling back and forth between the jail and the courthouse for

---

[1] While Defendants raised this issue in their response to the class certification motion, Plaintiffs do not address it in their reply.

status hearings. The Fourth Amendment treats these individuals differently, but Plaintiffs' proposed definition does not account for this difference.

Plaintiffs may renew their motion for class certification with a revised proposed class definition no later than December 13, 2019. Plaintiffs are directed to provide citations to Seventh Circuit case law in support of their proposed definition in order to assist the Court in determining whether a summary judgment motion should be briefed before the renewed class certification motion. *See Talley v. NCO Fin. Sys., Inc.*, No. 06 C 48, 2006 WL 2927596, at *2 (N.D. Ind. Oct. 12, 2006) ("[C]onsidering the advisory committee notes to the 2003 Amendments to Rule 23, and noting that the Defendant's Motion for Summary Judgment will be fully briefed shortly, the Court finds that, in this case, it is in the interests of judicial economy and efficiency for the Court to rule on the motion for summary judgment prior to the motion for class certification in order to determine whether the claim of the named Plaintiff lacks merit and thus whether the motion for class certification is moot.").[2] *See also Hartley v. Suburban Radiologic Consultants, Ltd.*, 295 F.R.D. 357, 368 (D. Minn. 2013) ("To require notice to be sent to all potential plaintiffs in a class action when the underlying claim is without merit is to promote inefficiency for its own sake.")

Finally, the *Fonder* court stated that "[i]f the evidence calls into question the propriety of defining a class in a particular way, then the definition must be modified or subclasses certified." *Id.* at 1147. Given the amount of money and effort that will be expended in providing class notice as Plaintiffs have outlined in their supplemental filing, Plaintiffs are directed to address in their motion for class certification how their renewed proposed class definition incorporates the anticipated evidence in this case.

**Date**: November 20, 2019

_____
**Ronald A. Guzmán**
**United States District Judge**

---

[2] The Court notes that it has concerns with respect to differences in how video-monitoring policies are implemented in the various courthouses. *See Fonder*, 823 F.3d at 1146-47 (noting that while "*Florence* deemed the strip-search policy reasonable precisely because *every* arrestee going into the general population was examined," summary judgment with respect to a strip-search policy in *Fonder* was not appropriate where guards submitted declarations stating that they were "implementing their [varying] personal ideas about how much visual inspection is needed") (emphasis in *Fonder*). This issue, however, may go to the merits rather than class certification.